IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| H.J. RUSSELL AND COMPANY, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:14-CV-03058-TWT-JFK |
| MAJOR HYMOND<br>And All Other Occupants, | |
| Defendant. | |

## **FINAL REPORT AND RECOMMENDATION**

The above-styled case is before the undersigned on Defendant Major Hymond's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

## I.  Background Facts

Plaintiff H.J. Russell and Company, the attorney for the owner of the real property commonly known as 300 Stone Hogan Connector, S.W., Apt. Q-08, filed a dispossessory proceeding in the Magistrate Court of Fulton County, Georgia, on or about September 11, 2014, against Defendant Major Hymond and all others as tenants at sufferance for failure to pay rent due for the months of July, August and September. [Doc. 1-1 at 2, Proceeding Against Tenant Holding Over]. Defendant filed an answer and counterclaim on September 22, 2014, and, on September 23, Defendant filed a notice of removal from the Magistrate Court of Fulton County, Georgia to this court. [Doc. 1-1 at 1, Petition for Removal of Action for Dispossessory; Id. at 3, Answer and Counterclaim].

## II.  Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28

2

U.S.C. § 1447(c). See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Hymond bases his removal on federal question jurisdiction. [Doc. 1-1 at 1]. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff H.J. Russell and Company relied exclusively on state law when it filed a dispossessory proceeding in the Fulton County Magistrate

3

Court. [Doc. 1-1 at 2]. Defendant apparently alleges that removal is proper on the basis of federal question jurisdiction. In his Petition for Removal, he alleges "previous discriminatory behavior of presiding judge of this case" in Fulton County Magistrate Court. [Doc. 1-1 at 1]. However, no federal question is presented on the face of Plaintiff's well-pleaded complaint. [Doc. 1-1 at 2]. There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 107 S. Ct. at 2430.[1] For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

---

[1] And, to establish federal jurisdiction based on diversity, Defendant would have to show that there is complete diversity of citizenship between Defendant and Plaintiff and that the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a)(1), which Defendant has not done. There is no evidence of complete diversity of citizenship between the parties. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Defendant's counterclaim cannot be used as a basis for calculating the jurisdictional amount on removal. See First Guaranty Bank & Trust Co. v. Reeves, 86 F. Supp. 2d 1147, 1150 (M.D. Fla. 2000). And the only amount in controversy is the rent due ($1364.33 per month for July, August and September and $622 per month accruing up to the date of judgment of vacancy) plus costs and fees owed prior to execution of a dispossessory warrant, which does not satisfy the amount in controversy requirement.

AO 72A
(Rev.8/82)

### III. Conclusion

Accordingly, because Defendant has failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Fulton County.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 29th day of September, 2014.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)